IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK ALAN LANE,                                 Case No. 3:12-cv-02346-PA

           Petitioner,                      OPINION AND ORDER

    v.

MARION FEATHER,

          Respondent.

PANNER, District Judge.

      Petitioner, a prisoner at FCI-Sheridan, brings this 28 U.S.C. § 2241 habeas corpus case challenging a prison disciplinary hearing held on January 11, 2008 at which he was found guilty of Threatening Another with Bodily Harm in violation of Code 203. He claims that the Disciplinary Hearings Officer's findings were not supported by some evidence in the record, thus the finding of guilt violates his right to due process of law where he was sanctioned to the loss of 27 days of good-time credits. Because this action is

1 - OPINION AND ORDER

successive of a previous action dismissed on its merits, the court summarily dismisses the Petition.

## STANDARDS

This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)); see also 28 U.S.C. § 2243 (the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."). Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, this court elects to apply Rule 4 to this 28 U.S.C. 2241 action.

## DISCUSSION

Petitioner previously challenged the legality of this same disciplinary hearing in the Northern District of Georgia in *Lane v. Grayer*, 1:08-CV-2142-RWS. Respondent's Exhibit 1. Petitioner's challenge asked the court to decide whether the Disciplinary Hearings Officer based his decision on substantial, real evidence.

2 - OPINION AND ORDER

*Id* at 3. The District Court rejected this challenge on its merits. *Id* at 26-39.

No district judge is required to entertain a habeas corpus petition "if it appears that the legality of such detention has been determined by a judge . . . on a prior application for a writ of habeas corpus. . . ." 28 U.S.C. § 2244(a). This prohibition against successive petitions applies to habeas cases filed pursuant to 28 U.S.C. § 2241. *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008; *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998); *Chambers v. United States*, 106 F.3d 472, 475 (2nd Cir. 1997). Because the District Court for the Northern District of Georgia adjudicated petitioner's challenge to the prison disciplinary hearing at issue in this case, and as that disposition was on the merits, the court summarily dismisses the Petition for Writ of Habeas Corpus as improperly successive.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is DISMISSED.

IT IS SO ORDERED.

DATED this **27** day of June, 2013.

*/s/ Owen M. Panner*
Owen M. Panner
United States District Judge

3 - OPINION AND ORDER